| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON | ) IN THE COURT OF COMMON PLEAS<br>) CASE NO.: 10-CP-10- 170<br>) |
| FELICIA LANELLE WRIGHT | ) |
| Plaintiff, | ) |
| vs. | ) SUMMONS<br>) JURY TRIAL REQUESTED |
| CITY OF NORTH CHARLESTON POLICE DEPARTMENT, CITY OF NORTH CHARLESTON, CHARLESTON COUNTY DETENTION CENTER, COUNTY OF CHARLESTON, POLICE OFFICER RYAN CHRISTOPHER HEID, and POLICE OFFICER KAREN MCDONALD,<br>Defendants. | ) <br>) <br>) <br>) <br>) <br>) <br>) |

FILED 2010 JAN -8 PM 4:28
JULIE J. ARMSTRONG
CLERK OF COURT
BY

TO: THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and requested to answer the Complaint in the action in which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 8086 Rivers Avenue, Suite A, North Charleston, SC 29406, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for relief demanded in the Complaint. Plaintiff's Requests for Admissions, Interrogatories, and Requests for Production are also served herewith.

_____
RUSSELL BYNUM
Wigger Law Firm
Attorney for the Plaintiff
8086 Rivers Ave., Suite A
North Charleston, SC 29406
843-553-9800

North Charleston, South Carolina
This 8th day of January, 2010.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | CASE NO.: 10-CP-10- 170 |
| ) | |
| FELICIA LANELLE WRIGHT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | COMPLAINT |
| ) | JURY TRIAL REQUESTED |
| CITY OF NORTH CHARLESTON POLICE ) | |
| DEPARTMENT, CITY OF NORTH ) | |
| CHARLESTON, CHARLESTON COUNTY ) | |
| DETENTION CENTER, COUNTY OF ) | |
| CHARLESTON, POLICE OFFICER RYAN ) | |
| CHRISTOPHER HEID, and POLICE OFFICER ) | |
| KAREN MCDONALD, ) | |
| Defendants. ) | |

The Plaintiff complaining of the Defendants would show unto this Honorable Court as follows:

## PARTIES, JURISDICTION AND VENUE

ONE: The Plaintiff, Felicia Wright, is a citizen and resident of Charleston County, South Carolina.

TWO: The Defendant, City of North Charleston Police Department, is upon information and belief, a governmental entity within the meaning of the South Carolina Tort Claims Act, and are organized and doing business in Charleston County, State of South Carolina.

THREE: The Defendant, City of North Charleston, is upon information and belief, a governmental entity within the meaning of the South Carolina Tort Claims Act, and are organized and doing business in Charleston County, State of South Carolina.

FOUR: The Defendant, Charleston County Detention Center, is upon information and belief, a governmental entity within the meaning of the South Carolina Tort Claims Act, and are organized and doing business in Charleston County, State of South Carolina.

FIVE: The Defendant, County of Charleston, is upon information and belief, a governmental entity within the meaning of the South Carolina Tort Claims Act, and are organized and doing business in Charleston County, State of South Carolina.

SIX: Defendant Police Officer Ryan Christopher Heid, upon information and belief, is a Officer in the City of North Charleston Police Department who in his individual and official capacities, participated in the false arrest, search and detainment of the Plaintiff and under color of law violated the clearly established constitutionally protected rights of Plaintiff.

SEVEN: Defendant Police Officer Karen McDonald, upon information and belief, is an

1

officer in the City of North Charleston Police Department who in her individual and official capacities, participated in the false arrest, search, and detainment of the Plaintiff and under color of law violated the clearly established constitutionally protected rights of Plaintiff.

EIGHT: The parties, matters, and all things and matters hereinafter alleged are within the jurisdiction of this Court.

NINE: This claim is brought to remedy Civil Rights violations, as described under 43 USC § 1983.

## FACTUAL BASIS OF CLAIM

TEN: The Plaintiff repeats and re-allege all of the above paragraphs and all subsequent paragraphs as if each were set forth herein verbatim.

ELEVEN: On or about January 13, 2008, Plaintiff was traveling behind her sister on Reynolds Avenue, North Charleston in her vehicle.

TWELVE: Plaintiff's sister was pulled over by the Defendants in a parking lot.

THIRTEEN: Plaintiff pulled into the parking lot where she witnessed her sister performing a field sobriety test and then being handcuffed by the Defendants.

FOURTEEN: Plaintiff asked the Defendants why her sister was being arrested and with what she was being charged.

FIFTEEN: Plaintiff then turned around and made a phone call from her cellular phone.

SIXTEEN: While Plaintiff had her back to Defendants, Defendant Heid grabbed Plaintiff and threw her on the police car and said, "get off the fucking phone bitch."

SEVENTEEN: Plaintiff handed her phone to a friend and Defendant Heid kicked Plaintiff's legs open and began to search her. Defendant Heid searched Plaintiff, placing his hands on Plaintiff's waist, down her legs, between her legs and breasts.

EIGHTEEN: Defendant Heid arrested Plaintiff and placed her in Defendant McDonald's police car.

NINETEEN: Before leaving the parking lot, Defendant Heid removed Plaintiff from Defendant McDonald's police car and into his where Plaintiff's sister was also placed.

TWENTY: Defendant Heid then transported Plaintiff to the Charleston County Detention Center in his police car.

TWENTY-ONE: On the way to the Charleston County Detention Center Defendant Heid turned off the video camera in the vehicle and then called Plaintiff and her sister "niggers."

TWENTY-TWO: When they arrived at the Charleston County Detention Center, Defendant Heid grabbed Plaintiff and pushed her against the wall.

TWENTY-THREE: Once Plaintiff was against the wall Defendant Heid began searching Plaintiff again, placing his hands on her waist, breasts, and legs.

TWENTY-FOUR: Plaintiff was then booked into the Charleston County Detention Center, where she remained imprisoned for several hours.

TWENTY-FIVE: Plaintiff suffered from invasion of privacy, loss of freedom, deprivation of liberty, humiliation, physical pain and suffering, anxiety, and emotional trauma as a result of the Defendants' negligence, gross negligence, unreasonable search, unreasonable and improper detainment/detention, assault, battery, excessive force, undue invasion of privacy, prolonged detainment/detention, and violation of Civil Rights.

TWENTY-SIX: Defendants knew or should have known the Defendant Officers would fail to follow policies and procedures and would perform an unreasonable search and detainment of the Plaintiff.

TWENTY-SEVEN: As a direct and proximate result of the Defendants' misconduct, the Plaintiff suffered actual damages, including, but not limited to, invasion of privacy, physical pain and suffering, anxiety, emotional trauma, deprivation of her liberty, injury to her reputation, public embarrassment and humiliation, loss of freedom, mental anguish, emotional distress and attorney fees.

TWENTY-EIGHT: The Plaintiff is informed and believe that they are entitled to actual and punitive damages in an amount to be determined at trial.

### FOR A FIRST CAUSE OF ACTION
(Deprivation of Constitutional Rights, Pursuant to 42 USC § 1983)

TWENTY-NINE: The Plaintiff repeats and re-alleges all of the above paragraphs and all subsequent paragraphs as if each were set forth herein verbatim.

THRITY: The Plaintiff had, at the time of the violations alleged herein, clearly established rights under the United States Constitution and the South Carolina Constitution which states that "the right of the people to be secure in their persons, ... papers, and effects, against unreasonable searches and seizures, shall not be violated" (U.S. Const. amend. IV), and the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law" (id. at amend. XIV).

THIRTY-ONE: Defendants are liable for the violations of Plaintiff's Fourth and Fourteenth Amendment rights because their policies, practices and/or customs amounted to deliberate indifference to the Plaintiff's Fourth and Fourteenth Amendment rights and directly caused the deprivations of Plaintiff's Fourth and Fourteenth Amendment rights.

THIRTY-TWO: Defendants' failure to take remedial action in response to Plaintiff's

complaints about constitutional violations perpetrated by its Defendant Officers evidences its inadequate training and supervision and constitutes a custom of Fourth and Fourteenth Amendment violations in its jurisdiction that amounts to deliberate indifference to the Plaintiff's Fourth and Fourteenth Amendment rights and directly caused the deprivation of Plaintiff's Fourth and Fourteenth Amendment rights.

THIRTY-THREE: The Defendant Officers, acting in their individual and official capacity, acted jointly and pursuant to a common plan to perform the arrest. They acted under color of law and directly and proximately caused the deprivation of Plaintiff's constitutional rights by planning, ordering, orchestrating, and/or executing the arrest and detainment of Plaintiff in the negligent and grossly negligent manner in which they were conducted..

THIRTY-FOUR: The Defendant Officers, acting in their individual and official capacity, made final decisions and were undertaken with malice, or in reckless, callous, or with willful disregard for, and indifference to Plaintiff's Fourth and Fourteenth Amendment rights, failed to properly carry out the adopted policies and procedures of the Defendant Police Department. Such policies and procedures were protocols and were designed to perfect protection for individual rights. Deprivation of civil rights is a constitutional violation of the Plaintiff's rights.

THIRTY-FIVE: The Defendants acted with reckless or callous indifference to state and federally protected rights of the Plaintiff. They acted jointly and pursuant to a common plan to wrongfully execute the arrest and detain Plaintiff.

THIRTY-SIX: The Defendants' conduct deprived the Plaintiff of her First, Ninth and Fourteenth Amendment rights to associational and family freedom and privacy, and Plaintiff's right to be free from unreasonable searches and seizures in violation of Title 42, USC 1983 and 1985.

THIRTY-SEVEN: The Defendants' misconduct as set forth above occurred under color of law and caused the Plaintiff to be deprived of her rights, privileges and immunities secured by the United States Constitution, South Carolina laws and laws of the United States.

THIRTY-EIGHT: The acts and omissions of Defendants were undertaken with malice, or in reckless, callous, or willful disregard for, and indifference to, Plaintiff's Constitutional Rights.

THIRTY-NINE: The Defendant Department's policy of inadequate training and supervision of its employees, including the Defendant Officers, amounted to deliberate indifference to Plaintiff's Fourth and Fourteenth Amendment rights and directly and proximately caused the deprivation of Plaintiff's Fourth and Fourteenth Amendment rights and her damages.

FORTY: As a direct and proximate result of the Defendants' misconduct, the Plaintiff suffered actual damages, including, but not limited to, invasion of privacy, physical pain and suffering, anxiety, emotional trauma, deprivation of her liberty, injury to her reputation, public embarrassment and humiliation, loss of freedom, mental anguish, emotional distress and attorney fees.

FORTY-ONE: The Plaintiff is informed and believe that they are entitled to actual and punitive damages in an amount to be determined at trial.

## FOR A SECOND CAUSE OF ACTION
(False Arrest and Confinement – 42 USC §1983)

FORTY-TWO: The Plaintiff repeats and re-alleges all of the above paragraphs and all subsequent paragraphs as if each were set forth herein verbatim.

FORTY-THREE: Defendants acted negligently, willfully, wantonly, and/or in reckless disregard for the Plaintiff's constitutionally protected rights under the Fourth and Fourteenth Amendments of the United States Constitution and the South Carolina Code of Laws 16-5-60, as amended, and placed Plaintiff under arrest.

FORTY-FOUR: Defendants acts and omissions were done under the color of State and Municipal law and were in violation of Plaintiff's constitutionally protected rights under the Fourth and Fourteenth Amendments of the United States Constitution and the South Carolina Code of Laws 16-5-60, as amended.

FORTY-FIVE: Defendants are liable for the violations of Plaintiff's Fourth and Fourteenth Amendment rights because their policies, practices and/or customs amounted to deliberate indifferences to the Plaintiff's Fourth and Fourteenth Amendment rights and directly caused the deprivations of Plaintiff's Fourth and Fourteenth Amendment rights.

FORTY-SIX: Defendants' failure to take remedial action in response to Plaintiff's complaints about constitutional violations perpetrated by its Defendant Officers evidences its inadequate training and supervision and constitutes a custom of Fourth and Fourteenth Amendment violations in its jurisdiction that amounts to deliberate indifference to the Plaintiff's Fourth and Fourteenth Amendment rights and directly caused the deprivation of Plaintiff's Fourth and Fourteenth Amendment rights.

FORTY-SEVEN: The Defendant Officers, acting in their individual and official capacity, made final decisions and were undertaken with malice, or in reckless, callous, or with willful disregard for, and indifference to Plaintiff's Fourth and Fourteenth Amendment rights, failed to properly carry out the adopted policies and procedures of the Defendant Police Department. Such policies and procedures were protocols and were designed to perfect protection for individual rights. Deprivation of civil rights is a constitutional violation of the Plaintiff's rights.

FORTY-EIGHT: The Defendants acted with reckless or callous indifference to state and federally protected rights of the Plaintiff. They acted jointly and pursuant to a common plan to wrongfully arrest and detain Plaintiff.

FORTY-NINE: The Defendants' conduct deprived the Plaintiff of her First, Ninth and Fourteenth Amendment rights to associational and family freedom and privacy, and Plaintiff's right to be free from unreasonable searches and seizures in violation of Title 42, USC 1983 and 1985.

FIFTY: The Defendants' misconduct as set forth above occurred under color of law and caused the Plaintiff to be deprived of her rights, privileges and immunities secured by the United States Constitution, South Carolina laws and laws of the United States.

5

FIFTY-ONE: The acts and omissions of Defendants were undertaken with malice, or in reckless, callous, or willful disregard for, and indifference to, Plaintiff's Constitutional Rights.

FIFTY-TWO: Defendants knew or should have know that their acts and omissions were in violation of Plaintiff's constitutionally protected rights under the Fourth and Fourteenth Amendments of the Constitution and the South Carolina Code of Laws 16-5-60, as amended as there was no legitimate reason or purpose under state authority for which to execute the warrant, search, and detain the Plaintiff and Defendants lacked probable cause to do so.

FIFTY-THREE: As a direct and proximate result of the Defendants' misconduct, the Plaintiff suffered actual damages, including, but not limited to, physical pain and suffering, anxiety, emotional trauma, deprivation of her liberty, injury to her reputation, public embarrassment and humiliation, loss of freedom, mental anguish, emotional distress and attorney fees.

FIFTY-FOUR: The Plaintiff is informed and believe that they are entitled to actual and punitive damages in an amount to be determined at trial

## FOR A FIFTH CAUSE OF ACTION
### (Negligent and Intentional Infliction of Emotional Distress/Outrage)

FIFTY-FIVE: Plaintiff reiterates and re-alleges the allegations above as if fully set forth herein.

FIFTY-SIX: The Defendants' extreme and harsh tactics utilized by the Defendants were excessive, extreme and outrageous beyond the bounds of what reasonable adults should endure and put the Plaintiff in reasonable fear of imminent bodily harm.

FIFTY-SEVEN: The Defendants restraint of Plaintiff and detainment of Plaintiff was intentional and unlawful. As a result, the Plaintiff was deprived of her liberty without lawful jurisdiction.

FIFTY-EIGHT: The Defendants were negligent and grossly negligent in their execution of the arrest, such conduct being so extreme and outrageous.

FIFTY-NINE: The emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it.

SIXTY: As a direct and proximate result of the Defendants' misconduct, the Plaintiff suffered actual damages, including, but not limited to, physical pain and suffering, anxiety, emotional trauma, deprivation of her liberty, injury to her reputation, public embarrassment and humiliation, loss of freedom, mental anguish, emotional distress and attorney fees.

SIXTY-ONE: The Plaintiff is informed and believe that they are entitled to actual and punitive damages in an amount to be determined at trial.

## FOR A SIXTH CAUSE OF ACTION
### (Wrongful Detainment/Detention)

SIXTY-TWO: Plaintiff reiterates and re-allege allegations in the above paragraphs as if fully set forth herein.

Plaintiff reiterates and re-alleges allegations in the above paragraphs as if fully set forth herein.

SIXTY-THREE:
Defendants wrongfully detained the Plaintiff without reason.

SIXTY-FOUR: As a direct and proximate result of the Defendants' misconduct, the Plaintiff suffered actual damages, including, but not limited to, fear for her life, shock, horror, degradation, invasion of privacy, physical pain and suffering, emotional trauma, deprivation of her liberty, public embarrassment and humiliation, loss of freedom, mental anguish, and emotional distress. These injuries are serious and ongoing.

SIXTY-FIVE: The Plaintiff is informed and believes that he is entitled to actual damages in an amount to be determined at trial.

## FOR A SEVENTH CAUSE OF ACTION
### (Excessive Force)

SIXTY-SIX: Plaintiff reiterates and re-alleges the above paragraphs as if fully set forth herein.

SIXTY-SEVEN: At the time of this wrongful detainment, Plaintiff was talking on her cellular phone and was not violating any laws, and was not engaged in any assaultive or aggressive behavior towards the Defendants at any time before, while or after Plaintiff was thrown against the car and handcuffed.

SIXTY-EIGHT: This negligent, grossly negligent, reckless, willful and wanton wrongful detainment and excessive force by Defendants was entirely unjustified by any actions of Plaintiff and constituted an unreasonable and excessive use of force.

SIXTY-NINE: The actions alleged above deprived Plaintiff of the following rights under the South Carolina State Constitution and South Carolina Code of Laws:

      a. Freedom from the use of excessive and unreasonable force;
      b. Freedom from a deprivation of liberty without due process law; and
      c. Freedom from summary punishment.

SEVENTY: Defendants subjected Plaintiff to such deprivations by either negligence, malice

7

or a reckless disregard of Plaintiff's rights.

SEVENTY-ONE: As a direct and proximate result of Defendants' acts, Plaintiff has suffered severe and permanent injuries and were forced to endure physical pain mental anguish, humiliation, and to incur legal expenses, and was deprived of her physical liberty.

SEVENTY-TWO: As a direct and proximate result of the Defendants' misconduct, the Plaintiff suffered actual damages, including, but not limited to, fear for her lives, shock, horror, degradation, invasion of privacy, physical pain and suffering, anxiety, sleeplessness, emotional trauma, deprivation of her liberty, injury to her reputation, public embarrassment and humiliation, loss of freedom, mental anguish, emotional distress and attorney fees.

SEVENTY-THREE: The Plaintiff is informed and believe that they are entitled to actual and punitive damages in an amount to be determined at trial.

## FOR AN EIGHTH CAUSE OF ACTION
(Assault and Battery)

SEVENTY-FOUR: The Plaintiff re-alleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

SEVENTY-FIVE: The Defendants, without permission or justification were negligent, grossly negligent, careless, reckless, willful, and wanton in the following particulars, to wit:
    a. In willfully and forcefully throwing Plaintiff on the car in a rude and offensive manner;
    b. In verbally harassing Plaintiff which was unlawful and unauthorized;
    c. In physically assaulting and battering Plaintiff which was unlawful and unauthorized;

SEVENTY-SIX: That by reason of the emotional and physical assault and battery on Plaintiff, Plaintiff endured reasonable and great fear of bodily harm and fear for her safety due to the Defendants' conduct.

SEVENTY-SEVEN: As a direct and proximate result of Defendants' assault and battery on Plaintiff, Plaintiff suffered great terror, fright, revulsion, disgust, shame, humiliation, embarrassment, shock, and indignities, all to her great damage, both actual and punitive, in an amount to be determined by the trier of fact.

SEVENTY-EIGHT: As a direct and proximate result of the Defendants' misconduct, the Plaintiff suffered actual damages, including, but not limited to, fear for her lives, shock, horror, degradation, invasion of privacy, physical pain and suffering, anxiety, sleeplessness, emotional trauma, deprivation of her liberty, injury to her reputation, public embarrassment and humiliation, loss of freedom, mental anguish, emotional distress and attorney fees.

SEVENTY-NINE: The Plaintiff is informed and believe that they are entitled to actual and punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

<u>EIGHTY</u>: By reason of the foregoing, the Plaintiff has been damaged to the extent and in the sum to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for a judgment against the Defendants, jointly and severally, for actual and punitive damages, attorney fees and costs, and for such other and further relief as the Court may deem just and proper.

_____
RUSSELL BYNUM
8086 Rivers Avenue, Ste. A
North Charleston, SC  29406
(843) 553-9800
Attorney for the Plaintiff

North Charleston, South Carolina
This 6th day of January, 2010.